United States District Court
Southern District of Texas
**ENTERED**
July 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH EDWARD SPILLERS, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-351 |
| | § | |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The Petitioner, Joseph Edward Spillers, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Respondent has filed a motion for summary judgment (Dkt. 15). Spillers has neither responded nor requested more time to respond, even though his deadline to do so passed months ago. After reviewing all of the pleadings, the record, and the applicable law, the Court will grant the Respondent's motion.

### I.  BACKGROUND

Spillers was convicted by a Galveston County jury of one count each of burglary of a building and possession of a controlled substance with intent to deliver. The drugs (specifically, crystal methamphetamine) that Spillers was convicted of possessing were found in Spillers's pickup truck after Spillers was arrested for stealing scrap metal; and Spillers, after he was read his rights, admitted to the arresting officer that the drugs were his. The Fourteenth Court of Appeals of Texas affirmed Spillers's convictions, and the

Texas Court of Criminal Appeals refused his petition for discretionary review. *See Spillers v. State*, Nos. 14-13-00331-CR, 14-13-00332-CR, 2014 WL 4088583 (Tex. App.—Houston [14th Dist.] Aug. 19, 2014, pet. ref'd); *see also* Texas Court of Criminal Appeals Docket Numbers PD-1142-14 and PD-1143-14. By way of a state habeas petition, however, Spillers successfully obtained a new sentencing proceeding for reasons unrelated to the claims still pending in this federal habeas proceeding; and it appears that he has since been released. *See Ex parte Spillers*, Nos. WR-85,140-01 & WR-84,140-02, 2016 WL 3470753 (Tex. Crim. App. June 15, 2016). Spillers's remaining claims for federal habeas relief relate exclusively to his possession conviction. He argues that the drugs offered against him at trial should have been excluded from evidence on account of the State's failure to establish the chain of custody (Dkt. 1 at pp. 7–8). He also accuses the State of tampering with the drug evidence (Dkt. 1 at pp. 7–8).

## II. STANDARDS OF REVIEW

### A. Habeas Corpus

Spillers's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). The intent of the AEDPA is to avoid federal habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." *Bell v. Cone*, 122 S. Ct. 1843, 1849 (2002).

The provisions of Section 2254(d) create a highly deferential standard, thereby demanding that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus

with respect to any claim that was adjudicated on the merits in state court unless the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

"Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." *Martin v. Cain*, 246 F.3d 471, 475–76 (5th Cir. 2001) (quotation marks omitted).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. *Early v. Packard*, 123 S. Ct. 362, 365 (2002). A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). To be an unreasonable application of federal law, the state court decision must be objectively unreasonable and more than simply incorrect or erroneous. *Lockyer v. Andrade*, 123 S. Ct. 1166, 1174 (2003).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. *Williams*, 120 S. Ct. at 1522. In reviewing a

federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If a petitioner has not exhausted the remedies available in the state courts, the court reviewing the federal habeas petition may still deny the federal habeas claims on their merits. 28 U.S.C. § 2254(b)(2).

### B. Summary Judgment

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986). The moving party has the responsibility of informing the court of the basis for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate that there is no genuine issue of material fact. *Celotex*, 106 S. Ct. at 2553. In response, the nonmovant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial. *Id.* If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The rule, however, only applies to the extent that it does not conflict with the habeas

rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds*, *Tennard v. Dretke*, 124 S. Ct. 2562 (2004). Generally, in ruling on a motion for summary judgment, the court resolves any doubts and draws any inferences in favor of the nonmoving party—*Hunt v. Cromartie*, 119 S. Ct. 1545, 1551–52 (1999)—but 28 U.S.C. § 2254(e)(1) commands that factual findings of the state court are to be presumed correct. Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule. *Smith*, 311 F.3d at 668. The petitioner is required to rebut the presumption of correctness by clear and convincing evidence; otherwise, the court will presume the factual determination of the state court is correct. *Id.*; 28 U.S.C. § 2254(e)(1).

### III. **THE MERITS**

Spillers argues that the drugs offered against him at trial should have been excluded from evidence on account of the State's failure to establish the chain of custody (Dkt. 1 at pp. 7–8). He also accuses the State of tampering with the drug evidence (Dkt. 1 at pp. 7–8). Spillers—who, again, has not responded to the Respondent's motion for summary judgment—does not point in his habeas petition to a particular Constitutional doctrine or Supreme Court case. Whatever the doctrinal bases of his grounds for federal habeas relief are, those grounds are clearly, and entirely, premised on the factual allegation that the drugs offered against him at trial and the substance found in his truck were not the same (Dkt. 1 at pp. 7–8). Spillers presented that allegation to the state trial court. *Spillers*, 2014 WL 4088583 at *2. The trial court and the jury heard testimony regarding the drugs' chain of custody from the arresting officer and a forensic scientist. *Id.* at *1–3. Spillers's pretrial motion to suppress the drug evidence was denied, and his

trial objection to the drugs' admission into evidence was overruled; and Spillers was then convicted by the jury. *Id.* The state trial court's finding that the drugs offered at trial were indeed found in Spillers's truck is presumed to be correct. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (holding that a state court's factual findings are presumed to be correct, whether those findings are express or implicit). Spillers has not rebutted that presumption of correctness. To the extent that Spillers is attempting the challenge the sufficiency of the evidence used to convict him, he has failed to show that, "upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

The Court will dismiss Spillers's habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the

controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The Respondent's motion for summary judgment (Dkt. 15) is **GRANTED**. All other pending motions are **DENIED** as moot.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____July 13_____, 2017.

                                                  GEORGE C. HANKS, JR.
                                                UNITED STATES DISTRICT JUDGE